**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**ANDRE ALLEN** **PLAINTIFF**
**ADC #148743**

**v.** **No. 4:25-cv-00042-LPR**

**KEITH W. SMITH, et al.** **DEFENDANTS**

# ORDER

The Court has reviewed the Recommended Disposition (RD) submitted by United States Magistrate Judge Joe J. Volpe (Doc. 39). No objections have been filed, and the time for doing so has expired. After a *de novo* review of the RD, along with careful consideration of the entire case record, the Court hereby approves and adopts the RD in its entirety as this Court's findings and conclusions in all respects.[1]

Accordingly, Defendants' Motion for Summary Judgment (Doc. 29) is GRANTED. Judgment will be entered for Defendants Smith and Brown on Plaintiff's individual-capacity medical deliberate indifference claims against them.[2] The Clerk is directed to close this case. The

[1] There is one exception. On page 7, the RD states: "It is undisputed Dr. Smith and Dental Assistant Brown first became involved in Plaintiff's care for tooth #31 on January 2, 2025." This statement is true with respect to Dr. Smith. But it is less clear that this statement is true with respect to Ms. Brown. Although Ms. Brown attests that she "was not responsible for scheduling inmates' dental appointments," *see* Doc. 29-3 ¶ 20, it is clear from the medical records that she *was* able to modify and delete appointments scheduled by other providers, *see* Doc. 29-1 at 99–100, 103–04. Plaintiff's first recorded complaints regarding tooth #31 came on or around November 20, 2024, but Plaintiff was not seen by the dentist until January 2, 2025. *See* Doc. 29-1 at 99–103. The medical records demonstrate that, on December 7, 2024, non-party provider Erica Swan re-ordered Plaintiff's expired ibuprofen prescription and scheduled a dental appointment for December 9, noting that Plaintiff "has had 3 dental sick call[s]." Doc. 29-1 at 61, 99. On December 9, however, Ms. Brown deleted the appointment, noting that Plaintiff was "seen by dentist 11/14/24 [and] has not been through proper sick call process." *Id*. at 100. Shortly after Ms. Brown deleted the appointment, another non-party provider scheduled an appointment for December 10, which was later rescheduled multiple times by other non-party providers. *Id*. at 100–03. Based on these records, it appears that Ms. Brown may have played some role, however slight, in delaying the extraction of Plaintiff's tooth #31. But the record does not show that Ms. Brown was aware of Plaintiff's specific complaints about tooth #31 at the time she deleted the appointment—and nothing in Plaintiff's Amended Complaint or summary-judgment filings is evidence otherwise. Because Plaintiff has not provided evidence from which a reasonable jury could find Ms. Brown was subjectively aware of his serious medical need (in this specific regard), Ms. Brown is nonetheless entitled to summary judgment on this point.

[2] Technical changes have been made from the RD concerning the disposition of this case.

Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and the accompanying Judgment would not be taken in good faith.

IT IS SO ORDERED this 27th day of August 2026.

LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE